## Henry King *versus* Nathan P. Barns.

Under the general issue pleaded in a writ of entry, the tenant may give in evidence a conveyance to a stranger, by the ancestor of an heir under whom the demandant claims, in order to disprove the seisin of such heir.

Ancient deed (of 1736) :— In consideration of love and good will I give and grant to H, his heirs and assigns, the one half of my real and personal estate, *habendum* to H, his heirs and assigns, and after my decease and my wife's decease H shall have the other half of all my estate real and personal, and H is to maintain me and my wife all our days. *Held*, that H took a fee in one moiety of the real property, and but a life estate, at most, in the other moiety.

This was a writ of entry brought by the demandant, as executor of Bohan King, to recover possession of two lots of land in the town of Westfield, upon a mortgage made by Pliny Parks to the testator.

At a trial upon the general issue, before *Morton* J., the demandant gave in evidence a deed of mortgage from Parks

to Bohan King, bearing date May 8, 1820, and including noth lots, No. 9 and No. 10. A'so a deed of release and quitclaim of lot No. 9, from Benjamin Barns and wife to Parks, dated April 29, 1820, and a similar deed of lot No. 10, from Moses Allen to Parks, dated April 27, 1820. Here the demandant rested his case.

The tenant then gave in evidence the original laying out of these lots in 1734, by which it appeared that lot No. 9 was laid out to Benoni Sacket, and No. 10, to Thomas Ponder. Also a deed from Sacket to David King, dated in 1741, conveying No. 9. Also a deed from Ponder to Daniel Hubbard, dated July 9, 1736, in which the grantor says, "in consideration of the love, respect and good will I bear to Daniel Hubbard, I give and grant unto him, his heirs and assigns for ever," the one half of all my lands lying within the township of Westfield, and one half of all my personal estate, *habendum* to Hubbard, his heirs and assigns forever, and "after my decease and after my wife's decease, then the said Hubbard, for the consideration above mentioned, shall have the other half of all my estate, both real and personal, free and clear, freely and clearly from all other gifts " &c., (with covenants of right to convey and for quiet enjoyment,) "and the said Hubbard is to maintain the said Thomas Ponder and his wife all their days."

Much evidence was introduced tending to show that the town of Westfield, and those holding and claiming under them, had had exclusive and uninterrupted possession of the demanded premises for more than thirty years before the commencement of this action ; and the tenant contended that neither the mortgager, nor either of his grantors, was seised at the time of their respective deeds, and that neither of them, nor any person under whom they claimed, had been seised of the demanded premises or any part of them, at any time within thirty years before the commencement of this action.

It appeared in evidence, that the wife of Benjamin Barns was one of the heirs of Sacket, and that Moses Allen was one of the heirs, if not the only heir, of Ponder.

The demanded premises contained about forty acres, of which the greater part had been cleared and tilled for more than thirty years ; but a small porti n had never been cleared and now is unimproved land. The demandant contended, that as the unimproved land had not been inclosed, nor in the exclusive possession of any one, the seisin of it passed with the title. To rebut this presumption of seisin in the heirs of Sacket and Ponder, the two deeds above mentioned, from them to King and Hubbard, were admitted, although the demandant objected to their admission.

The demandant contended, that the deed from Ponder to Hubbard could have no effect upon more than one half of the lot No. 10, and so the heirs of Ponder continued to be seised of the undivided moiety of the unimproved part of this lot. But the jury were instructed, that as this was a very ancient transaction and it was manifestly the intent of Ponder to grant the whole of his estate after his decease, it was competent evidence tending to show the disseisin of the heirs of Ponder, and in the decision of this question was proper for their consideration, with the other evidence bearing upon it.

And upon the whole evidence the jury were instructed, that unless the demandant showed a seisin in some one under whom he claimed, within thirty years before the commencement of the action, he could not recover ; that if he showed a seisin either in Barns and wife or in Allen, at the time of the conveyance to Parks, or in Parks at the time of his conveyance to the testator, then he would be entitled to recover so much as they, or either of them, were seised of at the times of their conveyances, but if neither of them had a seisin of any part of the demanded premises, then nothing passed by either of the deeds, and the verdict must be for the tenant.

The jury returned a verdict for the tenant ; but if any one of the directions of the judge was wrong, a new trial was to be granted.

*Dewey* and *W. G. Bates* for the demandant. On the point that the deeds from Sacket and Ponder ought not to have been admitted in evidence to rebut the presumption of

seisin in the heirs of Sacket and Ponder, they referred to *Wolcot* v. *Knight*, 6 Mass. R. 419 ; Jackson on Real Actions, 5, 157 ; 3 Wheat. 227, note ; and on the point that Hubbard took no estate, or at most but a life estate, in one moiety of the lands mentioned in the deed to him from Ponder, they referred to *Hawley* v. *Northampton*, 8 Mass. R. 38 ; *Loveacres* v. *Blight*, Cowp. 355 ; *Bridge* v. *Wellington*, 1 Mass. R. 219 ; *Adams* v. *Frothingham*, 3 Mass. R. 360.

*Mills*, *contrà*, cited on the first point, *Poor* v. *Robinson*, 10 Mass. R. 131.

WILDE J. delivered the opinion of the Court. Upon a comparison of the titles of the parties, it appears to us manifest, that the demandant is entitled to a new trial.

The two lots demanded were originally laid out to Benoni Sacket and to Thomas Ponder, and the demandant traced back his title to Benjamin Barns, whose wife was one of the heirs of Benoni Sacket, and to Moses Allen, one, if not the only, heir of Thomas Ponder ; — thus apparently making out a good title to a part of the whole of both lots.

The tenant claimed under a deed from the town of Westfield, and attempted to show that the town, and those claiming under them, had had exclusive possession of the lots demanded, for more than thirty years before the commencement of this action. And he introduced evidence tending to establish this title by disseisin. But this title fails as to some part of the land demanded, as the report finds that a portion of the land had never been cleared and inclosed, and consequently of this portion the town, and those claiming under them, could not have had such an open and exclusive possession as would bar the demandant's title.

The tenant also attempted to defend himself by disproving the seisin of the heirs of Sacket and Ponder, and for this purpose he gave in evidence a deed from Sacket to David King, dated in 1741 ; also a deed from Ponder to Daniel Hubbard, dated in 1736. The admission of this evidence was objected to on the part of the demandant, but the objection was overruled, and the evidence admitted.

King
*v.*
Barns.

*Sept. 28th.*

This evidence was clearly inadmissible to show a title in a third party under whom the tenant did not claim ; but for the purpose for which it was admitted, namely, to rebut the demandant's evidence of seisin, it was unquestionably competent evidence. Whether it was sufficient effectually to rebut it, is more doubtful. The heirs might have been actually seised, notwithstanding the conveyances of their ancestors. There does not, however, appear to be any evidence of such seisin, and therefore it seems sufficient to disprove the seisin of the ancestors.

But the whole estate in the lots in question, was not conveyed by the deeds from Sacket and Ponder. The deed from the latter conveys only an undivided moiety in fee ; with a covenant, that after the grantor's death, and the death of his wife, the grantee should have the other moiety ; but there are no words of limitation in this part of the deed, and therefore, if the covenant would amount to a grant, and was not void as conveying an estate to commence *in futuro*, still the grantee took only an estate for life in this moiety, and on his death the title reverted to the heirs of Ponder.

It is therefore manifest, that as to some portion of the land demanded, the demandant's title was unimpeached, and against it the tenant had no legal defence.

*New trial granted.*